**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DATAN ELIEZER LICONA ZELAYA,

                Petitioner,

v.                                      CIVIL ACTION NO. 3:26-0293

KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
in their official capacities,

                Respondents.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Datan Eliezer Licona Zelaya's Amended Verified Petition for Writ of Habeas Corpus. *Am. Pet.*, ECF No. 11 (*Pet.*, ECF No. 1). Respondents ("the Government") include Kenneth Barnett, Supervisory Detention and Deportation Officer, United States Immigration and Customs Enforcement (ICE); John Rife, Field Office Director, Philadelphia Field Office, ICE; Todd M. Lyons, Acting Director, ICE; Markwayne Mullin, Secretary of Homeland Security; Todd Blanche, Acting United States Attorney General.

The Court thoroughly has considered the briefing[1] and heard argument at the Show Cause Hearing on Friday, May 1, 2026.[2] For the following reasons and consistent with the ruling on the record, the Petition is **GRANTED**.

Petitioner filed this action pursuant to 28 U.S.C. § 2241, arguing that his civil confinement without any individualized custody determination violates the Immigration and Nationality Act ("INA") and associated regulations, as well as the Due Process Clause of the Fifth Amendment. *Id.* ¶ 3.

A petitioner may be entitled to habeas corpus relief if a district court determines the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (citations omitted); 28 U.S.C. § 2241(c)(3). "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

The Government admittedly presents many of the same statutory and jurisdictional arguments previously rejected by this Court. *Gov't's Resp.* 2. Specifically, the Government argues that "the Court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(g) and that, assuming *arguendo* that the Court again finds that 8 U.S.C. § 1225(b)(2) does not control the detention of Petitioner, section 1226 requires a bond hearing by an immigration court." *Id.* (citing *Linarez Vilchez v. Kluemper*, No. 3:26-0261, 2026 WL 1049282 (S.D. W. Va. Apr. 17, 2026); *Simanca Gonzalez v. Aldridge,* No. 3:26-0055, 2026

---

[1] In addition to the Amended Verified Petition, ECF No. 11, the Court has considered the Government's Response in Opposition to Petition for Writ of Habeas Corpus and Response to Court Order ("Gov't's Resp."), ECF No. 12, and Petitioner's Reply in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pet'r's Reply"), ECF No. 13.

[2] Petitioner waived the right to be present at the hearing. *Pet'r's Reply* 6.

WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026)). [3] The Court's analysis has not changed.

Petitioner is a national and citizen of Honduras, who resides in Maryland. *Am. Pet*. ¶ 9. According to the Government, Petitioner encountered Border Parol in Texas in 2023, and he was charged with being "an alien inadmissible under Immigration and Nationality Act ('INA') 8 U.S.C. § 1182" and served with an "I-862 (Notice to Appear), I-200 (Warrant for Arrest of Alien),[4] I-286 (Notice of Custody Determination) and I-220A (Order of Release on Recognizance)." *Gov't's Resp*. 3 (citing *2023 Form I-213,* Gov't's Ex. A, ECF No. 12-1, at 1–2); *2026 Form I-213*, Gov't's Ex. D, ECF No. 12-4, at 2). In other words, he was released into the country while awaiting his immigration proceedings, including an upcoming court date in August of 2026. In November of 2025, Petitioner was charged with misdemeanor assault and theft, however, the charges were soon dismissed. *Criminal History Record*, Gov't's Ex. E, ECF No. 12-5, at 5.

More recently, on April 25, 2026, within the interior of the United States in Nettie, West Virginia, ICE Enforcement and Removal Operations (ERO) officers arrested Petitioner after responding to a request from the "Nicholas County Sheriff's Office (NCSO) regarding an individual arrested for domestic battery following a 911 call." *Gov't's Resp*. 4 (citing *Form I-213 Narrative* 2); *Am Pet*. ¶¶ 7, 8, 15. Petitioner was transported to the ICE office in Poca, West Virginia, where the Government states that it determined that he was present in the United States

---

[3] At the Show Cause Hearing, the Government clearly indicated it does not take the position that 8 U.S.C. § 1226(c) is the authority for Petitioner's mandatory detention.

[4] Petitioner correctly notes that any allegedly issued warrant has not been produced and that the documentation contains conflicting information on issuance. *Pet'r's Reply* 6 (citing *2023 Form I-213,* Gov't's Ex. A, ECF No. 12-1, at 1–2); *2026 Form I-213*, Gov't's Ex. D, ECF No. 12-4, at 1).

in violation of the law, leading to his subsequent transport to Cambria County Prison in Ebensburg, Pennsylvania,[5] where he is currently detained. *Gov't's Resp*. 4.

The Government argues that "[u]nlike those prior matters, Respondents assert that this case includes facts that require a bond hearing." *Id.* 3. The Government further states the following:

> Petitioner has a troubling criminal history since he entered the United States illegally less than three years ago, including an arrest for domestic battery five days ago. Even if the Court determines that detention under § 1225 is improper, that violent criminal history mandates a bond hearing under § 1226 to determine whether Petitioner is a danger to the community. Furthermore, the lack of that determination raises immediate concerns of releasing Petitioner back to the community in which he was just arrested for domestic violence. Respondents assert the appropriate venue for a bond hearing is immigration court and Petitioner should remain in detention until that hearing is held.

*Id.* The Court disagrees with the Government's position and finds that Petitioner's criminal history does not distinguish this case from the previous immigration petitions addressed by the Court which resulted in the immediate release of petitioners.

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioner was released into the United States in 2023 pending the outcome of his immigration proceedings. At that point, the Government provided him with a protected liberty interest that entitled him to notice and an opportunity to be heard prior to revocation. Petitioner has not been provided with the appropriate due process to fairly revoke his liberty interest.

---

[5] The Government does not argue that jurisdiction or venue are improper based on Petitioner's location at the time the Petition was filed. *See Am. Pet.* ¶ 7.

-5-

While the Government argues his criminal history justifies mandatory detention or, alternatively, a bond hearing before an immigration court, the record is devoid of evidence of a formal charge or conviction to justify this Court's disparate treatment of the case at hand. Petitioner's November 2025 charges of misdemeanor assault and theft were clearly dismissed. *Criminal History Record* 5.

While risks of recidivism associated with domestic violence incidents are due careful consideration, the Government does not provide any details surrounding Petitioners "arrest for domestic battery following a 911 call" or that he faces charges for such conduct. *Gov't's Resp.* 3. The record only indicates that he was turned over to ICE ERO officers for immigration violations. Petitioner certainly does not face charges for criminal conduct before this Court.

With reasoning consistent with the uniform position taken in this District and the majority of courts in the nation, the Court finds it has jurisdiction, Petitioner's detention is governed by

8 U.S.C. § 1226(a) not 8 U.S.C. § 1225(b)(2), and Petitioner's due process rights have been violated.[6] Petitioner established his detention is unlawful and that release is the appropriate relief.[7]

Petitioner Datan Eliezer Licona Zelaya's Amended Verified Petition for Writ of Habeas Corpus is **GRANTED**. ECF No. 11. Respondents are **ORDERED** to **RELEASE PETITIONER IMMEDIATELY**.[8] The Court **ORDERS** Respondents to facilitate the prompt return of Petitioners' seized property, including legal documents. Respondents are **PROHIBITED** from re-arresting and detaining Petitioner in civil confinement absent significant change in circumstances

---

[6] The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here. *Gov't's Resp.* 2 (citing *Linarez Vilchez v. Kluemper*, No. 3:26-0261, 2026 WL 1049282 (S.D. W. Va. Apr. 17, 2026); *Simanca Gonzalez v. Aldridge,* No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026)); *Sanchez v. Noem*, No. CV 3:26-0067, 2026 WL 483475, at *4 (S.D. W. Va. Feb. 20, 2026). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, No. 2:26-cv-00057, 2026 WL 357872, at *14 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Because Petitioners were already present in the United States when detained, they were not 'seeking admission,' and § 1225(b)(2)(A) therefore does not apply."); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."); *Carillo v. Mason*, No. 2:26-cv-00150, 2026 WL 561055, at *3 (S.D. W. Va. Feb. 27, 2026) (collecting cases). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[7] Ordering a bond hearing would be futile given the reports of systematic denial of bond. *Decl. of Jose Artieda*, Pet'r's Ex. A, ECF No. 11-1; *Aff. of Lawrence O. Burman,* Pet'r's Ex. B, ECF No. 11-2. The Government offers no evidence in opposition.

[8] The Court does not order Respondents to return Petitioner to this District given Petitioner has indicated that his current location is his preferred location for release. *Pet'r's Reply* 6.

to justify detention or the determination of a neutral, detached decisionmaker or prior approval of this Court.[9]

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        May 1, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[9] In addressing the Government's request that this Court refrain from using language that restricts law enforcement of Petitioner's criminal behavior, including his recent "charges of domestic battery," *Gov't's Resp.* 3, this Order, and none of this Court's previous orders releasing immigration habeas corpus petitioners, restrict constitutional practices of law enforcement in association with criminal behavior of petitioners. Additionally, this Order does not address the validity or invalidity of the Notices which the Government argues were served upon Petitioners. *Gov't's Resp.* 4 (*Notice to Appear*, Gov't's Ex. B, ECF No. 12-2; *Notice of In-Person Hearing*, Gov't's Ex. C, ECF No. 12-3).